George G. HUNTER, Jr., Plaintiff-Appellant,

v.

Francis S. TALBOT, Defendant-Appellee.

No. 82, Docket 28915.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1964.

Decided May 18, 1965.

George G. Hunter, Jr., pro se.

Edward L. Smith, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., Alan G. Blumberg, Asst. U. S. Atty.), for defendant-appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM:

Plaintiff, a taxpayer, brought suit against defendant, a revenue officer for the Internal Revenue Service, in the Civil Court for New York County. In plaintiff's own words, "the gist of this action is the charge that defendant * * * seized a token balance of a bank account belonging to plaintiff, knowing that there was only a token balance, and acting solely for the purpose of harassing and injuring plaintiff without any idea whatever of collecting any tax." Upon petition by defendant, pursuant to 28 U.S.C. § 1442, the suit was removed to the Unit-

ed States District Court for the Southern District of New York. After protracted legal scuffling between the parties, Judge Croake dismissed the action on the ground that defendant was immune from suit.

Stripped of all conclusory verbiage, plaintiff's amended complaint alleged the following facts: In May, 1962, plaintiff and his wife owed an overdue balance of $1911 plus interest on their 1960 federal income tax. Defendant telephoned plaintiff to inquire about payment of the balance. Plaintiff said that although he was short of funds at the moment, he would be able to pay at least $1,000 by October. Defendant replied that this proposal sounded "fine" but that he would need financial statements from plaintiff and his wife before payment could be deferred. After expressing his objections, plaintiff agreed to submit the statements within thirty days. When defendant noted that the statements would have to be filed within ten days, plaintiff rebuked him, rejected the demand, and hung up.

Four weeks later, plaintiff filed the required statements for himself and his wife. These statements revealed that plaintiff and his wife had accounts in a Manhattan bank, and that his wife also had accounts in two Queens banks; the deposits totaled almost $1500. The statements also showed that his wife was employed in a hospital in Manhattan.

Three days later, defendant sent plaintiff and his wife a notice pursuant to 26 U.S.C. § 6331, informing them that if they did not pay the balance of their taxes in ten days, the government would levy on their property and sources of income. The government had sent plaintiff and his wife a similar notice in December, 1961.

After waiting fifteen days, defendant served a writ of levy on the Manhattan bank in which plaintiff had his business checking accounts. The body of the accounts had meanwhile been withdrawn by plaintiff and his wife, so that the levy eventually netted only $29.71. Defendant made no further attempt to levy on the wife's bank accounts in Queens, which had also been decimated, or on the wife's hospital salary.

These allegations by plaintiff belie the theory of his suit against defendant. If defendant was bent on "harassing and injuring" plaintiff, he would not, by any reasonable stretch of the imagination, wait four weeks for plaintiff's financial statements, send plaintiff a new and superfluous ten-day warning, wait another fifteen days, and then levy only on the bank accounts in Manhattan. To our knowledge, there being no other theory on which the suit could be based, we hold that plaintiff's claim was "clearly without any merit" and was properly dismissed. 2 Moore, Federal Practice ¶ 12.08, at 2245 (2 ed. 1964). We need not reach defendant's alternative argument that he was immune from suit, within the principles of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and like cases.

Affirmed.